IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAWEED S. LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge James F. Holderman |
| P.E. JONES, TEXAS STATE POLICE, ) | |
| and ILLINOIS STATE POLICE, ) | No. 13 C 7799 |
| ) | |
| Defendant. ) | |

ORDER DENYING PRO SE PLAINTIFF LEAVE TO PROCEED
IN FORMA PAUPERIS, DENYING APPOINTMENT OF COUNSEL, AND DISMISSING
THE CASE

JAMES F. HOLDERMAN, District Judge:

For the reasons explained in the Statement section of this order, pro se plaintiff Naweed Love's *in forma pauperis* application [4] and motion for appointment of counsel [3] are both denied, and this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Civil case terminated.

Statement

On October 31, 2013, *pro se* plaintiff Naweed S. Love ("Love") submitted a hand-written form complaint titled "Complaint for Violation of Constitutional Rights." (Dkt. No. 1.) The allegations of the purported complaint are factually frivolous, delusional and malicious. Moreover, any purported claim is beyond the expiration date of any applicable statute of limitations.

Love's complaint first alleges that Love's face was disfigured in 1969, when the Illinois State Police flew Love, while still the size of an infant, overseas and dropped Love on concrete. Love's complaint also alleges that in 1976 when Love was taken to Texas (after purportedly being awakened from one of many medically induced comas that allegedly began in 1954), Love was again dropped face down this time purportedly on a steel trailer floor. Any purported

1

wrongs Love suffered are alleged to be decades old and as alleged are clearly frivolous, fanciful, preposterous and delusional events in Love's complaint. The only individual named as a defendant is "P.E. Jones," who purportedly was employed by the Texas State Police. Love, however, frivolously and maliciously lists as defendants several entities that are not alleged to have anything to do with Love's case, including the Illinois State Bar Association, Illinois State Medical Society, Illinois Department of Children and Family Services (alleged as "ILL. DCFS"), and the Cook County Sheriff's Office. Because Love makes no allegations against these entities, all are dismissed *sua sponte*.

Love's incomplete *in forma pauperis* application states that Love receives over $12,000 in annual monthly income and she owns a Lexus automobile valued at $3,000. Because Love did not answer all the questions, the court is denying this application.

Love's application for pauper status is denied. Love's motion for appointment of counsel is also denied. Love's complaint fails to state a claim upon which relief may be granted, in that no allegedly wrongful conduct occurred within any applicable statute of limitations period. Love's complaint's allegations are delusional, preposterous and frivolous. The case is, therefore, dismissed pursuant to the mandatory requirement of 28 U.S.C. § 1915(e)(2)(B).

ENTER:

JAMES F. HOLDERMAN
District Judge, United States District Court

Date: November 14, 2013